E. H. LUIKART, RECEIVER, APPELLANT, V. NELLIE L. LEHM-
KUHL ET AL., APPELLEES.

276 N. W. 373

FILED DECEMBER 10, 1937. No. 30075.

*F. C. Radke, Clarence G. Miles* and *W. A. Crossland,* for appellant.

*H. A. Bryant, Schiefelbein & Donato* and *William W. Graham, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a suit in the nature of a creditor's bill in the district court for Saunders county to cancel a deed to a quarter-section of farm land and subject it to payment of a judgment recovered in the district court for Cheyenne

county. From a dismissal of the action upon a trial, there is an appeal to the supreme court.

When E. H. Luikart was receiver of the Liberty State Bank at Sidney, Cheyenne county, he recovered in that capacity, November 23, 1932, a judgment against Nellie L. Lehmkuhl for $6,660.15 on her liability as a stockholder of that bank. After the judgment was reduced by a credit of $1,650 and other credits of $109.60, a transcript thereof was filed in the district court for Saunders county August 12, 1935. Execution from that court was issued the same day and returned unsatisfied.

The receiver, E. H. Luikart, plaintiff in this creditor's suit, charged that the judgment debtor, Nellie L. Lehmkuhl, defendant herein, while owning the north half of the north half of section 13, township 14 north, range 6 east, Saunders county, fraudulently deeded the same without consideration to her brother-in-law, Edward Lehmkuhl, March 10, 1934, and registered the deed August 15, 1934, with intent to hinder, delay or defraud the judgment creditor in the collection of the debt. The grantee in the deed was accused of participation in the fraud. He and his wife, and his sister-in-law, Nellie L. Lehmkuhl, the Federal Land Bank of Omaha, mortgagee to the extent of $6,800, and the terre-tenants are also defendants.

The making of the deed and the execution of the mortgage were admitted by the Lehmkuhls and by the mortgagee, but they denied in their answers the allegations of fraud pleaded in the petition. The reply contained a general denial.

During the trial of the cause the plaintiff dismissed without prejudice the suit as to the Federal Land Bank of Omaha, mortgagee. The trial court found that defendant Edward Lehmkuhl, for a valuable consideration, purchased the land described in the petition in good faith without any intention on his part, or that of Nellie L. Lehmkuhl, to in any manner hinder, delay or defraud creditors of plaintiff. On these findings it was decreed that Edward Lehmkuhl is the owner in fee simple of the land in question.

It was from the judgment in favor of grantor and grantee that plaintiff appealed to the supreme court.

The question for determination on appeal is the same as in the district court—was the deed made without consideration with the intent to hinder, delay or defraud plaintiff, a creditor of grantor? The answer must be found in the evidence. The statute says that a deed made with such intent "shall be void." Comp. St. 1929, sec. 36-401.

The unpaid judgment in Cheyenne county, the transcript thereof to Saunders county, the existence of the mortgage and the execution of the deed were admitted by grantor and grantee and were proved by records and documents. Plaintiff marshaled circumstances to prove fraudulent intent—unpaid judgment and sale of real estate of debtor in Cheyenne county on execution; the deed by grantor to her brother-in-law, creating presumption of fraud in the transfer; inadequacy of consideration for the 160 acres of land of the value of 60 or 65 dollars an acre; grantee's ownership of 160 acres of other land cornering on the land of grantor, both tracts formerly managed by grantee and occupied by the same tenants; insolvency of grantor; both parties former stockholders of the insolvent bank with knowledge of the judgment for stockholder's liability. In addition, plaintiff introduced evidence that grantee applied to the Federal Land Bank for a loan on the land described in the deed and stated he received from the crops produced thereon in 1933 $1,070. He testified, however, that this statement was made for the purpose of getting a loan to pay former mortgage liens on the same land, but he did not make a satisfactory explanation of what he did with that income. There is no direct evidence of grantor's intent to hinder, delay or defraud creditors and plaintiff relies on circumstances to prove that alleged fact. The law, of course, permits fraudulent intent to be shown by circumstantial evidence, but good faith of grantor and grantee may also be shown in the same manner.

There is direct evidence by both grantor and grantee that in their negotiations for the transfer the judgment in the

district court for Cheyenne county was not mentioned. On the witness-stand each denied any intent to hinder, delay or defraud any judgment creditor and they are corroborated by circumstances. They also stated directly that the deed was executed and accepted in good faith. Adequacy of the consideration was shown by uncontradicted evidence. Grantee testified that he paid for grantor to a former mortgagor in discharge of her mortgage debts, $6,765.20; that to grantor herself, $400; to aid in construction of her buildings under an arrangement for repayment, $450, an obligation satisfied by the deed; to claimants for repairs on her buildings, $111.65. While the estimates of the farm value were 60 or 65 dollars an acre, efforts to sell the land for $60 an acre before the deed was executed were unavailing. Grantor owned the land for about five years. Before she sold it, it was encumbered by mortgages aggregating $6,765.20. That was her debt. She could then entertain in good faith an honest intent to pay it without first paying the judgment in the district court for Cheyenne county. The mortgages were liens on her Saunders county farm and the judgment was not a lien thereon. Foreclosure was threatened for nonpayment of interest and taxes. She was without money to pay those obligations. In that situation she sold her farm to her brother-in-law and thus by her deed to him paid her mortgages, discharged her obligations to her grantee and received from him $400. It is a fair inference from the evidence that she could not have made a better bargain under the circumstances. The proper view of the evidence is that it preponderates in favor of both parties to the deed and that they affirmatively proved by clear and satisfactory evidence their good faith in their transaction and also the adequacy of the consideration. The judgment of the district court conforms to the conclusion reached on appeal and is accordingly

AFFIRMED.

DAY and CARTER, JJ., dissent.